RONALD L DUNN, ESQ – 4312
RONALD DUNN, PC
Attorney for Defendant
10291 South 1300 East PMB 103
Sandy, Utah  84094
Telephone:  (801) 864-3800
RonaldLDunn@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>DAVID H SAFEER and LISA CLAIR SAFEER,<br><br>    Debtors. | Case No 13-21402<br><br>Chapter 7<br><br>Honorable Joel T Marker<br>    United States Bankruptcy Judge |
| CLEAR DAY CAPITAL, INC,,<br>    Plaintiff,<br>vs.,<br><br>DAVID H SAFEER,<br>    Defendant. | Adv Proc No 13-02191 |

# DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CONTINUE FINAL PRETRIAL

Defendant, by and through his attorney, hereby responds to Plaintiff's Motion to Compel:

## FACTS

1.  Discovery cutoff in this matter was set at 20 November 2013.

2.  Plaintiff took Defendant's deposition on 13 November 2013.

3.  The Parties agreed on 13 November 2013 that Plaintiff could, but was not required to, send supplemental questions to Defendant to be responded to by Defendant in the nature

of Interrogatories.  The Parties did not agree to an open-ended extension of the then-imminent discovery cutoff, one week thence.

4. Defendant and his counsel expected the interrogatories would be promulgated immediately and prior to expiration of the discovery cutoff, but Defendant's response would be due following the discovery cutoff.

5. Plaintiff failed to send supplemental questions to Defendant prior to an emailed copy which was received by Defendant's counsel on or about 13 March 2014, whose cover message stated the interrogatories would be mailed at some later time.  Assuming a 30-day response time, responses would have been due about 13 April 2014, a day prior to the scheduled final pretrial.

6. Defendant and his counsel took this cover message to mean that no response would be expected until 33 days following mailing.

7. The Pretrial Order in this matter was due by 24 March 2014, 11 days following the late promulgation of the interrogatories.

8. A few days prior to scheduled 14 April 2014 pretrial, the Court's law clerk contacted counsel for the Parties to inquire into why no pretrial order had been submitted by 24 March 2014 and to seek a continuance of the final pretrial to a later date.  The Parties at that time agreed to a continuance of the pretrial order due date to 23 May 2014 and of the final pretrial to 2 June 2014.  No agreement was reached as to the interrogatories.

9. Plaintiff has never, as of the date hereof, prepared a proposed pretrial order in any form.

## ARGUMENT

No reasonable discovery dispute exists, and the Court should not countenance Plaintiff's refusal even to attempt a pretrial order after the Court already granted an initial continuance of the final pretrial following Plaintiff's default in submitting a proposed pretrial order.

Defendant believes and, accordingly, asserts that Plaintiff has been unable to discover facts which would be supportive of its causes of action and has, thus, arrived at a procedure to compel a settlement by Plaintiff as an alternative to the continued accrual of attorney's fees.

It is difficult to envision a reason for Plaintiff's very late promulgated interrogatories, with responses due the day before the "initial" final pretrial conference and long after the pretrial order was due, while at the same time eschewing even an attempt at crafting a pretrial order, otherwise.

The motion to compel and motion for continuance, under these circumstances, are simply not well taken.

Accordingly, Defendant prays that Plaintiff's motion be denied and that Defendant be awarded his reasonable costs and fees incurred in responding thereto.

Dated 19 May 2014.

/S/     Ronald L Dunn, Esq
        Attorney for Defendant

**SERVICE CERTIFICATE**

I certify that on 19 May 2014 I caused to be deposited in the United States mails, postage prepaid, a true and correct copy of the foregoing, addressed to:

Jason M Yancy, Esq
1513 No Hill Field Rd Ste 3
Layton, UT  84041

Dated 19 May 2014.

/S/    Ronald L Dunn, Esq
Attorney for Defendant